UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JENNIFER HAUGLIE, <br><br> Plaintiff, <br><br> v. <br><br> APEX PROFESSIONALS, LLC <br> d/b/a Vacation Choices LLC, <br> JONATHAN GIBBS, and <br> CHRISTINE GIBBS, <br><br> Defendants. | Case No. 14-CV-111-JPS <br><br><br><br> ORDER |

This matter is before the Court on Defendant Christine Gibbs' ("Ms. Gibbs") Motion for Sanctions in which she requests the Court dismiss her as an individual defendant and award her actual attorneys' fees and costs. (Docket #30). The matter is now fully briefed and ready for disposition. For the following reasons, Ms. Gibbs' motion will be denied.

1.  BACKGROUND

On February 3, 2014, Plaintiff Jennifer Hauglie ("Hauglie") filed this Title VII action against her former employer, Apex Professionals, LLC d/b/a Vacation Choices, LLC ("Apex"), and its owner/operators, Ms. Gibbs and Jonathan Gibbs (collectively, "Defendants"), alleging that Defendants discriminated against her by subjecting her to sexual harassment and terminated her in retaliation for opposing sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"). (Docket #1).

Hauglie was employed by Apex from September 20, 2011, to December 29, 2011, as a sales representative. (Docket #1 ¶¶ 25, 63). Apex is

engaged in the business of selling and marketing vacation properties and is owned and operated by Ms. Gibbs and Jonathan Gibbs. (*Id.* ¶ 5). Ms. Gibbs is Chief Executive Officer and President of Apex; her duties include overseeing Apex's operations. (*Id.* ¶¶ 7, 19). Ms. Gibbs and Jonathan Gibbs own a series of twenty-five other named entities in addition to Apex, all of which are engaged in business related to timeshares, vacation properties, and similar business interests. (*Id.* ¶¶ 10, 12). These companies constitute an "interrelated network of companies" that commingle funds and share owners, employees, business equipment, logos, and letterhead. (*Id.* ¶ 12). Some or all of the entities named in the Complaint employed Hauglie. (*Id.* ¶ 11).

Hauglie alleges that each of the named entities constitutes a single integrated employer and/or alter egos of each other. (*Id.* ¶ 13). As such, Hauglie's use of "Defendant" throughout the Complaint is meant to include all of the named defendants, each jointly and severally liable for the acts and practices alleged in the Complaint. (*Id.* ¶¶ 12-13).

Hauglie alleges that, while on a December 2011 business trip, her sales team leader made sexually-suggestive comments to her. (*Id.* ¶¶ 27-44). Hauglie was never scheduled to work after the aforementioned business trip, effectively terminating her employment with Apex. (*Id.* ¶ 64). Hauglie subsequently filed a complaint with the EEOC, which issued a Notice of Right to Sue on November 5, 2013. (*Id.* ¶¶ 65-66). Hauglie then brought this

action against Apex,[1] Jonathan Gibbs,[2] and Ms. Gibbs. (Docket #1). In her complaint, Hauglie alleges that Jonathan Gibbs and Ms. Gibbs are each an "employer" as defined in 42 U.S.C. § 2000e(b) because they are individuals who acted "directly or indirectly in the interest of an employer in relation to employees." (*Id.* ¶ 11).

On February 11, 2015, Ms. Gibbs filed a motion requesting that this Court dismiss her as an individual defendant. (Docket #31). The issue before the Court is whether Ms. Gibbs must be dismissed as a defendant for lack of Title VII liability.

2.  ANALYSIS

When deciding a motion to dismiss, this Court must assume the truth of a plaintiff's well-pleaded factual allegations, making all possible inferences in the plaintiff's favor. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir. 1991); *Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir. 1990). This Court may not dismiss a plaintiff's complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle her to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also*

---

[1]Judgment by default was entered against Apex, upon request by Hauglie and pursuant to Federal Rule of Civil Procedure 55(a), on May 28, 2014. (Docket #7).

[2]Jonathan Gibbs has yet to file any pleadings in this case. On June 3, 2014, Hauglie filed a Motion for Extension of Time to serve Jonathan Gibbs and Ms. Gibbs, which the Court granted on June 5, 2014. (Docket #14). Hauglie filed another Motion for Extension of Time for Service of Jonathan Gibbs and Ms. Gibbs and Permission to Serve Defendants by Publication on August 1, 2014. (Docket #15). In that Motion, Hauglie stated that Ms. Gibbs and Jonathan Gibbs were legally separated and no longer live at the same address. (*Id.* at 2). At a November 21, 2014 hearing, the Court inquired as to the status of defendant Jonathan Gibbs, to which Ms. Gibbs' counsel responded that he will be appearing. (Docket #27). However, Jonathan Gibbs has not appeared in this case.

*Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989), *cert. denied*, 495 U.S. 957 (1990). In order to prevail, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

Ms. Gibbs' principal argument in seeking to be dismissed as a defendant in this case is that individuals cannot be liable under Title VII. (Docket #31 at 4) (citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276 (7th Cir. 1995)). Ms. Gibbs contends that any of her alleged liability is totally derivative to that of Apex, which is the only proper defendant in this case. (Docket #31 at 10).

Title VII prohibits an employer from discriminating against an individual because of that individual's sex. 42 U.S.C. § 2000e-2(a)(1). For purposes of Title VII, an employer is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 2000e(b). While Title VII imposes liability on employers, it does not place liability on an employer's agent in his or her individual capacity. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (emphasis added). The Seventh Circuit has clearly stated that liability does not extend to a supervisor in his or her individual capacity. *AIC Sec.*, 55 F.3d at 1282 ("individuals who do not independently meet [Title VII]'s definition of 'employer' cannot be held liable

under [Title VII]").³ Thus, if Hauglie were seeking to hold Ms. Gibbs liable under Title VII only in an individual capacity, it would be proper to dismiss Ms. Gibbs as a defendant in this case.

However, Hauglie asserts that the Complaint places liability on Ms. Gibbs not as an individual, but as an individual person who is an employer. (Docket #33 at 2). Hauglie alleges that Ms. Gibbs is an employer because she "acted directly or indirectly in the interest of an employer in relation to employees." (Docket #1 ¶ 11). Hauglie also alleges that Ms. Gibbs, Jonathan Gibbs, and Apex are a single integrated employer and/or alter egos of each other. (Docket #33 at 2). Thus, Hauglie contends she is entitled to pursue a theory in which she pierces the corporate veil to place liability on Ms. Gibbs under Title VII. (*Id.* at 5).

Though a corporation's shareholder may not be held liable in his or her individual capacity, a shareholder may incur liability in a Title VII case if a court disregards the presumption of shareholder protection from liability by piercing the corporate veil. *See Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001); *AIC Sec.*, 55 F.3d at 1282 n.11. The Seventh Circuit has alluded to the possibility that a shareholder of a Title VII employer could be liable if the corporate veil were pierced. *AIC Sec.*, 55 F.3d at 1282, n.11. In *AIC Sec.*, the defendant and sole shareholder of the employer corporation, AIC, argued that she could not be held liable in her individual capacity. *Id.* at 1279. The plaintiff argued on appeal that, even if individuals cannot be liable, the

---

³*AIC Sec.* discussed employer/individual liability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1211 (et. seq.). *See* 55 F.3d at 1278. The court noted that the ADA's definition of "employer" mirrors the definition of "employer" in Title VII, and, as such, courts routinely apply arguments regarding individual liability to both statutes interchangeably. *Id.* at 1279-80.

defendant could be liable as an "alter ego" of AIC. *Id.* at 1282 n.11. The court rejected the alter ego argument as forfeited and lacking merit, but left open the issue of piercing the corporate veil to establish liability:

> We see no good reason why it should make any difference for our analysis whether [the defendant] was AIC's alter ego. [The defendant] might be effectively liable if the corporate veil were pierced, and as sole shareholder she will necessarily absorb the pinch from AIC's liability, but as to her individual capacity liability it does not matter even if she was AIC's alter ego.

*Id.*

The Seventh Circuit revisited the concept of piercing the corporate veil to establish shareholder liability in *Worth*, 276 F.3d at 262, again leaving open its use as a possibility but refusing to apply the concept in the case.[4] In *Worth*, the plaintiff sued her former supervisor, who was the owner, president, or director of the various co-defendant corporations. *Id.* at 255. The plaintiff argued that, as the main decision maker and controlling shareholder of the defendant corporations, the defendant was so intertwined with them that he was the corporations' alter ego, and thus should be treated as an employer under Title VII. *Id.* at 262. The court dismissed the "alter ego" theory, standing alone, to impose Title VII liability on shareholders. *Id.* Instead, the court stated that the presumption of shareholder protection from

---

[4]The Eleventh Circuit, relying on *AIC Sec.* and *Worth*, has also examined alter ego and piercing issues related to individual liability in a Title VII case. *See Dearth v. Collins*, 441 F.3d 931 (11th Cir. 2006). That court agreed with the Seventh Circuit's conclusion that the alter ego doctrine does not create an exception to the rule against individual employee liability, though also noting that piercing the corporate veil is an issue "separate and apart" from whether the alter ego doctrine can cause individual liability in a Title VII case. *Id.* at 934. Summary judgment for the defendant was proper because the plaintiff "failed as a matter of law to establish" that the individual defendant was an alter ego of the corporation. *Id.*

individual liability will be disregarded only when a party shows "in addition to the interrelation of a corporation and its shareholders, that the protection must be disregarded in order to prevent fraud or the promotion of injustice." *Id.* (citing *Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 570 (7th Cir. 1985) (internal citations omitted)). In applying that standard, the court found that the plaintiff had "presented no evidence" that the defendant should be liable in his shareholder capacity through piercing the corporate veil, and, because of this evidentiary failure, that the district court had erred in denying the defendant's motion for judgment as a matter of law. *Id.* at 262. It is important to note that, in *Worth*, the court was faced with a motion for summary judgment, whereas the court is faced with a motion to dismiss here.[5]

      Hauglie asserts that the Complaint sufficiently pleads the elements for piercing the corporate veil, (Docket #33 at 5), and, at this early stage in the proceedings, the Court agrees that dismissal would not be appropriate. The materials submitted are insufficient to establish with certainty that Ms. Gibbs cannot be held liable as Hauglie's employer under the above-noted case law. This is a question best answered at the summary judgment stage after further factual development. *See Butler v. Am. Foods Grp., LLC*, No. 11-CV-1013-JPS, 2012 WL 2952371, at 2 (E.D. Wis. July 19, 2012).

      Hauglie has alleged sufficient facts that, if proven, could establish a unity of interest and ownership between Apex and Ms. Gibbs and the other affiliated companies. Hauglie has also alleged sufficient facts to establish the second prong of the piercing test. In light of the parties' submissions, there

---

[5]Summary judgment is appropriate when no genuine issue of material fact exists such that no reasonable jury could find for the nonmovant. *Hedberg v. Ind., Bell Tel. Co., Inc.*, 47 F.3d 928, 931 (7th Cir. 1995).

remains an open question as to whether Ms. Gibbs is liable in her shareholder capacity.

Despite the foregoing, there remains the issue of what law to apply to the issue of piercing the corporate veil. In determining whether to pierce the corporate veil, a court applies the law of the state of the incorporation of the controlled corporation. *Select Creations, Inc. v. Paliafito Am.*, Inc., 852 F. Supp. 740, 774 (E.D. Wis. 1994). Though the Complaint contains sufficient facts to establish a basis for piercing the corporate veil under the standard presented in *Van Dorn* (and repeated in *Worth*), that standard is taken from Illinois state law. *See Van Dorn*, 753 F.2d at 569. The parties did not brief the proper standard to use in analyzing whether the corporate veil should be pierced. This was, ultimately, unnecessary to resolve the issue presently before the Court. However, the parties are hereby placed on notice that further submissions on this issue must establish the state of incorporation and the proper standard for piercing the corporate veil.

It is far from clear that Hauglie will be able to show sufficient facts to pierce the corporate veil. However, at this early stage, Hauglie may be able to show that piercing is warranted with further factual development. Thus, the Court is compelled to deny Ms. Gibbs' motion to dismiss herself as a party.

3. CONCLUSION

In light of the foregoing, Ms. Gibbs' request to be dismissed as a defendant is denied. Because the Court will deny Ms. Gibbs' motion to dismiss herself as a defendant, the Court need not further address the request for sanctions.

Accordingly,

IT IS ORDERED that Defendant Christine Gibbs' Motion for Sanctions (Docket #30), requesting the dismissal of Ms. Gibbs as a defendant, be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge